UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| International Brotherhood of Teamsters Local 631,<br><br>Petitioner,<br><br>v.<br><br>Hydro Conduit Corporation *dba* Rinker Materials,<br><br>Respondent. | Case No. 2:20-cv-00735-RFB-NJK<br><br>ORDER<br><br>Motion to Confirm Arbitration Award (ECF No. 9)<br><br>Cross Motion to Confirm Arbitration Award (ECF No. 19) |

## I.  INTRODUCTION

Before the Court are (ECF No. 9) International Brotherhood of Teamsters Local 631's Motion to Confirm Arbitration Award and (ECF No. 19) Hydro Conduit Corporation dba Rinker Material's Cross Motion to Confirm Arbitration Award.

## II.  PROCEDURAL BACKGROUND

On April 23, 2020, International Brotherhood of Teamsters Local 631 ("Union") filed a Petition to Confirm Arbitration Award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. ECF No. 1. On May 12, 2020, the Union filed a Motion to Confirm Arbitration Award. ECF No. 9. On May 26, 2020, Defendant Hydro Conduit Corporation dba Rinker Material ("Rinker") filed its Answer and Counterclaim. ECF No. 10. On July 9, 2020, the Union filed its reply in support of its Motion to Confirm Arbitration Award stating that since its filing, Rinker has neither responded nor asked for an extension within 14 days. ECF No. 12. On July 13, 2020, Rinker filed what the Court construes as a Motion to Extend Time for filing its response, stating that the motion was not properly served and that it only became aware of the Motion upon the filing of the Union's Reply. ECF No. 15. On July 20, 2020, the Union filed a response, arguing that it properly filed and served its motion. ECF No. 16. On July 23, 2020,

Rinker filed its response. ECF No. 17. On July 24, 2020, the Clerk advised Rinker to refile the Cross-Motion to Confirm Arbitration Award contained within ECF No. 17 to comply with LR IC 2-2(b) and LR IC 2-2(c). Rinker then filed its Cross Motion to Confirm Arbitration Award. ECF No. 19. A reply and response were filed. ECF Nos. 20, 21.

### III. FACTUAL BACKGROUND

Parties are bound by a collective bargaining agreement ("CBA"). Article 7 of the CBA states that "[a]ll grievances shall be handled" by proceeding through the steps of the grievance procedure through the final step: arbitration. Article 7.01(d) provides that "[t]he arbitrator's decision . . . shall be final and binding" on the parties. ECF No. 1-1 at 5.

On August 9, 2019, parties held a single-day arbitration hearing in Las Vegas, Nevada to resolve two grievances filed by the Union regarding Antwion Hankins' discipline and subsequent discharge from employment. ECF No. 1. Mr. Hankins worked for Rinker as a patcher in Clark County, Nevada. At the arbitration hearing, parties were represented by counsel and cross-examined witnesses. October 17, 2019, Arbitrator Gaba issued an award that stated that Mr. Hankins be reinstated with back pay and benefits. Before reinstating him, Rinker had the option to require Hankins to "undergo an Independent Medical Examination (IME) to ensure that Mr. Hankins is psychologically fit to return to work." Id. at 46. If Mr. Hankins "fail[ed]" the evaluation, Rinker could administratively discharge him. Id.

Rinker exercised its option to require Mr. Hankins to undergo an IME, and Rinke attended an IME with a psychologist selected by Rinker on December 2 and 3, 2019. The award became final and binding on December 23, 2019. The Union received the IME's psychological assessment from Rinker on January 14, 2019. The Union demanded that Rinker return Mr. Hankins to his duties. Rinker determined that Mr. Hankins was unfit to return to work and terminated Mr. Hankins.

### IV. LEGAL STANDARD

The Federal Arbitration Act (FAA) permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. § 9. A court must confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; Kyocera Corp. v.

Prudential–Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." Kyocera, 341 F.3d at 997 (internal quotation marks omitted).

**V.     DISCUSSION**

Parties agree that the arbitration award is final and binding, but dispute over the interpretation of the award's remedy. The Union argues that Mr. Hankins should be reinstated with back pay and benefits. Alternatively, the Court should remand the award to the arbitrator to clarify his intended interpretation of "psychologically fit to return to work" in the award. The Union argues that Mr. Hankins did not "fail" the IME, that Mr. Hankins is fit for work, and that Rinker may not insist on a self-serving interpretation of the remedy.

Rinker argues that it complied with the arbitration award, the IME demonstrates that Mr. Hankins failed the IME, and the Union is improperly seeking to modify the award by requesting a remand under the doctrine of *functus officio*. Rinker argues that the union's argument that the award is ambiguous as to the meaning of the phrase "psychologically fit to return to work" is not supported by the record. Rinker states that the arbitration was over Mr. Hankins' alleged intimidation and threats against other employees, and the IME results indicate that Mr. Hankins was emotionally unstable, prone to aggressive behavior and conflict in the workplace, with the likelihood of repetition of this unacceptable behavior and potential for escalation into violence.

**[REDACTED]**

# [REDACTED]

As the last portion of this order references confidential information, it will be redacted from the public record. The parties will receive the unredacted order but are ordered not to disclose the unredacted order or its contents without leave of the Court.

**VI.     CONCLUSION**

**IT IS ORDERED** that (ECF No. 9) International Brotherhood of Teamsters Local 631's Motion to Confirm Arbitration Award is GRANTED in part and DENIED in part. The arbitration order is confirmed but the Court denies the request to remand to the arbitrator.

**IT IS FURTHER ORDERED** that (ECF No. 19) Hydro Conduit Corporation dba Rinker Material's Cross Motion to Confirm Arbitration Award is GRANTED. The Court finds that Rinker's administrative discharge of Hankins to be consistent with the Arbitration Order. The Clerk of Court is instructed to close this case.

DATED July 16, 2021

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**